RECEIVED NWRO
FEB 06 2023
INMATE INITIALS CW

1 OF 7

CHARLES S. WAITS, PRO SE
    PLAINTIFF,

8:23 cv 302 JLB-AEP

VS.

STATE ATTORNEY MICHELLE DOHERTY,
STATE ATTORNEY JOEL ELSEA,
STATE ATTORNEY JOAN CORCES,
JUDGE EMMETT BATTLES,
CONFIDENTIAL INFORMANT KHAYRI R. McCRAY,
    DEFENDANTS,

## CIVIL COMPLAINT

I WANT TO FILE A COMPLAINT TO THE HILLSBOROUGH COUNTY COURTS FOR FRAUD, PERJURY, GIVEING FALSE TESTIMONY AND PERSONAL INJURY I RECIEVED WHILE BEING INCARCERATED IN THE DEPARTMENT OF CORRECTIONS.

THIS COMPLAINT IS AGAINST THE STATE ATTORNEYS, THE TRIAL AND SENTENCING JUDGE, AND THE CONFIDENTIAL INFORMANT USED IN L.T. CASE NO.: 11-CF-008923-A.

THIS CIVIL SUIT IS BEING BROUGHT UNDER TITLE 42, SECTION 1983 OF THE UNITED STATES CODE. AGAINST ANYONE DENYING OTHERS OF THEIR CONSTITUTIONAL RIGHTS TO LIFE, LIBERTY, OR PROPERTY WITHOUT DUE PROCESS OF LAW. 42 U.S.C. 1983, qv.

WITNESS AND ALSO CONVICTED FELON KHAYRI R. McCRAY GAVE FALSE TESTIMONY IN PLAINTIFF CHARLES S. WAITS, MURDER CASE/TRIAL AND GOT PLAINTIFF CONVICTED TO 5 LIFE SENTENCES BY JUDGE EMMETT BATTLES. AT THE TIME OF TRIAL MR. McCRAY WAS SERVING A 20 YEAR SENTENCE FOR SECOND DEGREE MURDER.

TRA-68058
$402

THE STATE ATTORNEY GAVE FALSE TESTIMONY THAT MR. McCRAY TESTIMONY / STATEMENTS WERE NOT PRIVELEDGE AND WOULD NOT BE REWARDED. SEE: TRIAL TRANSCRIPTS. AFTER TIME AND CONSIDERATION THE COURT DID BRING MR. McCRAY BACK TO COURT ON 4/29/2019 FOR A SENTENCE REDUCTION AND SHAVED 6 YEARS OFF MR. McCRAY SENTENCE FOR MR. McCRAY CO-OPERATION.

THE PLAINTIFF WOULD LIKE TO BRING TO THE COURTS ATTENTION THAT MR. McCRAY CRIME IS NO DIFFERENT FROM THE PLAINTIFF. MURDER IS MURDER AND THE PENALTY FOR MR. McCRAY CONVICTION CAN NOT BE REDUCED IF THERE WAS NO DEAL MADE. MR. McCRAY CO-OPERATION WAS DONE IN FRAUD AND ANY JUDGEMENT RENDERED IN FRAUD SHOULD BE VOID.

THE STATE ATTORNEY IS ALSO IN JEOPARDY OF COMMITTING FRAUD AND PERJURY TO SECURE A CONVICTION. "FRAUD" - 1. DECIET, DECEPTION, ARTIFICE, OR TRICKERY OPERATING PREJUDICIALLY ON THE RIGHTS OF ANOTHER, AND SO INTENDED, BY INDUCING HIM TO PART WITH PROPERTY OR SURRENDER SOME LEGAL RIGHT. 23 AM J2D FRAUD 2. ANYTHING CALCULATED TO DECIEVE ANOTHER TO HIS PREDJUDICE AND ACCOMPLISHING THE PURPOSE WHETHER IT BE AN ACT, A WORD, SILENCE, THE SUPPRESSION OF THE TRUTH, OR OTHER DEVICE CONTRARY TO THE PLAIN RULES OF COMMON HONESTY. 23 AM J2D FRAUD.
"PERJURY" - 1. WILFUL AND CORRUPT FALSE SWEARING OR AFFIRMING, AFTER AN OATH LAWFULLY ADMINISTERED, IN THE COURSE OF A JUDICIAL OR QUASI-JUDICIAL PROCEEDING AS TO SOME MATTER MATERIAL TO THE ISSUE OR POINT IN QUESTION. 41 AM J1ST PEJ

THE CREDIBILITY OF MR. McCRAY AS A WITNESS WAS ALREADY AT STAKE THROUGH MULTIPLE FALSE POLICE REPORTS AND STATEMENTS. DETECTIVE BULLARD WOULD HAVE IMPEACHED MR. McCRAY TESTIMONY BY TESTIFYING THAT MR. McCRAY INFORMED THE DETECTIVE HE HAD NEVER SEEN THE PLAINTIFF WITH THAT GUN ON ANY OCCASION. R. 74, 2136

121 So.3d 583; 2013 Fla. App. Lexis 12336; 38 Fla. L Weekly D 1696
The requisite fraud on the court occurs where "It can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial systems ability impartially to adjudicate a matter improperly influencing the trier of fact or unfairly hampering the presentation of the opposing partys claim or defense." JVA Enters., 48 So.3d at 113 (Fla. 4th DCA 2010) (quoting Arzuman v. Saud, 843 So.2d 950, 952 (Fla. 4th DCA 2003)).

The credibility of the state attorney to give perjured testimony and tampered with information by presenting a false witness to sway a trial courts decision in a critical case. Is a violation of our U.S. Constitution 5th Amendment Due Process to deprive a person of life or liberty without giving a right and fair trial.

The standard of appeallate review of a "clear and convincing finding" is wether the finding is supported by competent, substantial evidence. Wigley v. Hares, 82 So.3d 932, 946 (Fla. 4th DCA 2011).

The personal injury plaintiff recieved in the Department of Corrections was being hit in the head with a master lock by an inmate at A.C.I on 5-5-2022 and being stabbed in the neck and head by an inmate at Walton C.I. on 10-26-2022. Both these occurances no disciplinary report was written on the assailants for documentation and no security measure was taken. The plaintiff was placed under protective management at both institutions. And most recently at Black Water C.F on 12-18-2022 the plaintiff was just stabbed in the head, neck, rib, hip, shoulder, and spine. The plaintiff was stabbed multiple times in each area and was rushed to Sacred Heart Hospital for emergency surgery and care.

Plaintiff also recieved a broken ankle at Gulf C.I in 2016 which required major surgery. These are life sustaining injuries and have been sustained in the Department of Corrections and are a result of and stem from the conviction and sentence I was given by Judge EMMETT BATTLES, State Attorneys MICHELLE DOHERTY, JOEL ELSEA, JOAN CORCES and the assistance of the false Confidential Informant KHAYRI R. MCCRAY.

STUART V. HERTZ CORP., 351 So. 2D 703, 706 (FLA. 1977)
The rule is well established that a wrongdoer is liable for the ultimate result. However, "when medical evidence on permance or causation is undisputed, unimpeached, or not otherwise subject to question based on other evidence presented at trial, the jury is not free to simply ignore or arbitrarily reject that evidence and render a verdict in conflict with it."
CAMPBELL V. GRIFFITH, 971 So. 2D 232, 236 (FLA. 2D DCA 2008)

CONCLUSION

REMEDY: The plaintiff would like to be compensated by every defendant with a #15 MILLION dollar lien on each defendant and if the defendant can not pay the lien then the plaintiff would want to be issued a goverment or city insured credit card for requested amount against each defendants corporation who certifys and authorizes them.

In furtherance the plaintiff would like this court to take away the sentence reduction from Confidential Informant KHAYRI R. MCCRAY and put informants sentence back at 20 YEARS. The State Attorney committed fraud and perjury under oath and said there would be no priviledge for Confidential Informant KHAYRI R. MCCRAY testimony.

The plaintiff would like for the state attorneys involved in this case to be removed for trying to sway the courts with false testimony on there behalf and for trying to use false or preped informants to secure a conviction, in fraud.

The Plaintiff is also asking to be awarded a new trial. A trial court has discretionary authority to order a new trial when the verdict is contrary to the manifest weight of the evidence. Brown v. Estate of Stuckey, 749 So.2d 490, 498 (Fla. 1999) In utilizing this discretionary power:
"A trial judge has the responseibility to draw "on his [or her] talents, his [or her] knowledge, and his [or her] experience to keep the search for the truth in a proper channel,"
and the trial judge should always grant a motion for a new trial when "the jury has been decieved as to the force and credibility of the evidence or has been influenced by considerations outside the record." Id at 497
(Quoting Cloud v. Fallis, 110 So.2d 669, 673 (Fla. 1959))

Plaintiff is asking for this remedy for the 12 years plaintiff has served in fraud and for the personal injuries and permance of life changing experience plaintiff has sustained while incarcerated.

2-6-2023                                    [signature] DC# T72253
DATE                                        SIGNATURE         DC#

- <u>PRIMARY AUTHORITY</u>
- <u>SECONDARY AUTHORITY</u>

<u>EVIDENCE</u>

- GIVE COURT DATE AND DOCKET SHEET AND SENTENCE REDUCTION HEARING FOR WHEN <u>MR. McCRAY</u> SENTENCE GOT REDUCED. ALSO GIVE POLICE REPORTS HIGHLIGHTED TO SHOW INTERVIEW BETWEEN <u>DETECTIVE BULLARD</u> AND <u>KHAYRI R. McCRAY</u> AND TRIAL TRANSCRIPTS OF CONFIDENTIAL INFORMANTS TESTIMONY.

- GIVE TRIAL TRANSCRIPTS OF STATE ATTORNEY SAYING THAT THERE WAS NO PRIVILEDGE OR REWARD FOR INFORMANTS TESTIMONY.

- GIVE STATUTES, LAWS, "BLACK LAW DICTIONARY DEFINITIONS" OF FRAUD, PERJURY, FALSE TESTIMONY, AND PERSONAL INJURY.

- GIVE U.S. CONSTITUTION 5TH AMENDMENT FOR VIOLATION OF DUE PROCESS TO GIVE RIGHT AND FAIR TRIAL.

- GIVE MEDICAL RECORDS FOR INJURIES DATES AND LOCATIONS: GULF C.I. <u>2016</u>, A.C.I. <u>5-5-2022</u>, WALTON C.I. <u>10-26-2022</u>, BLACK WATER C.F. <u>12-18-2022</u>.

- GIVE PROTECTIVE MANAGEMENT WITNESS STATEMENTS FOR A.C.I, WALTON C.I, BLACKWATER C.F.

- GIVE "DEED" FROM HILLSBOROUGH COUNTY SHERIFF OFFICE TO THE FLORIDA DEPARTMENT OF CORRECTIONS, SAYING THEY ARE INTRUSTING TO TAKE CARE OF INMATE DC# **T72253** DURING HIS INCARCERATION AND GIVE SENTENCING SHEET PLAINTIFF RECIEVED.

- CIVIL COVER SHEET
(FORM 1) APPLICABLE RULE(S): LR 5.1(d)
       TIME LINE: INITIAL FILING.

- COMPLAINT
APPLICABLE RULE(S): LR 3.1, LR 5.1(b)
TIME LINE: INITIAL FILING

- SUMMONS
(FORMS INDEX: C.4 AND C.5)   APPLICABLE RULE(S): FRCP 4, LR 5.4
(FORM 2.)                    TIME LINE: ISSUED WITH SEAL OF CLERK.

- MOTIONS AND PROPOSED ORDERS
APPLICABLE RULE(S): LR 7.1, LR 5.4, F.R.CIV.P 11 & 12
TIME LINE: MOTIONS ARE FILED WITH CLERK, ORDERS ARE SENT TO RESPECTIVE JUDGE OFFICE

- RESPONSE TO MOTIONS
APPLICABLE RULE(S): F.R.CIV.P 6, LR 7.1(a)(2)
TIME LINE: WITHIN <u>14 DAYS</u> OF WHEN THE MOTION WAS SERVED.

- PROOF OF SERVICE REQUIREMENT
APPLICABLE RULE(S): LR 5.2
TIME LINE: ATTACHED TO THE DOCUMENT SERVED AND FILED WITH THE CLERK.

- COPIES OF PLEADINGS
APPLICABLE RULE(S): LR 5.4
TIME LINE: RECIEVED BY THE CLERK AND FORWARDED TO THE JUDGE FOR REVIEW.