UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES S. WAITS,
    PLAINTIFF,

CASE NO.: 8:23-CV-302-JLB-AEP

V.

STATE ATTORNEY MICHELLE DOHERTY,
STATE ATTORNEY JOEL ELSEA,
STATE ATTORNEY JOAN CORCES,
JUDGE EMMETT BATTLES, AND
CONFIDENTIAL INFORMANT KHAYRI R. McCRAY,

    DEFENDANTS.
_____/

## MOTION FOR DEFAULT JUDGEMENT

Plaintiff is asking the judge to move forward in a motion for default on defendant KHAYRI R. McCRAY behalf in Case No.: 8:23-CV-302-JLB-AEP. Due to not responding and delaying proceedings in a civil matter.

Defendant and confidential informant KHAYRI R. McCRAY was served a summons of this complaint on 3-16-2023 and was ordered to respond within (21) days or forfeit or default on property being sought in this civil suit for compensation.

1 OF 5

Plaintiff, applied the applicable Rule(s) in his Complaint for a response to be made. Plaintiff applied Fed. R. Civ. P 6 and Local Rule 7.1(a)(2) and specifically addressed in the complaint that Defendant had __14__ days to respond.

At the conclusion of the (21) days required to respond by the Summons. The Plaintiff is moving for a Motion for Default Judgement to be entered, based upon failure to respond.

Remedy: As soon as possible Plaintiff would like to be brought back to the Middle District of Florida Courthouse for judgement on relief sought in Case No.: 8:23-cv-302-JLB-AEP and grant a Motion for Default Judgement on Defendant KHAYRI R. MCCRAY behalf for failure to respond.

4-6-2023
DATE

X Charles Ward   DC# T72253
SIGNATURE         DC#

# AFFIDAVIT

THIS AFFIDAVIT IS PERTAINING TO CASE NO.: 8:23-CV-302-JLB-AEP ASKING FOR DEFAULT OF JUDGEMENT TO BE ENTERED.

THIS COMPLAINT AROSE OUT OF DEFENDANT BEING A FALSE CONFIDENTIAL INFORMANT AND GIVING FALSE AND PERJURED TESTIMONY THAT AMOUNTED TO FRAUD ON THE COURT, AND PLAINTIFF RECIEVING 5 LIFE SENTENCES AND BEING LIABLE TO PERSONAL INJURY.

THE DEFENDANT WAS SERVED A SUMMONS ON 3-16-2023 ORDERING THE DEFENDANT TO RESPOND WITHIN (21) DAYS OR FORFEIT OR DEFAULT ON PROPERTY BEING SOUGHT IN CIVIL SUIT FOR COMPENSATION.

THE CONCLUSION OF THE (21) DAYS TO RESPOND HAS HAS CONCLUDED THIS 6TH DAY OF APRIL, 2023. AND PLAINTIFF, IS ASKING FOR JUDGEMENT OF DEFAULT TO BE ENTERED ON DEFENDANTS BEHALF FOR FAILURE TO PROPERLY RESPOND.

PLAINTIFF, IS CURRENTLY WAITING ON A MOTION FOR EXTENSION OF TIME, TO GET GRANTED FOR (60) DAYS TO RESPOND TO A MOTION FOR DISSMISSAL BY STATE ATTORNEY MICHELLE DOHERTY, STATE ATTORNEY JOEL ELSEA, STATE ATTORNEY JOAN CORCES AND JUDGE EMMETT BATTLES. WHO ARE ALL DEFENDANTS IN THE PRESIDING CASE. REPRESENTED BY ATTORNEY GENERAL ASHLEY MOODY AND UNDER SIGNED ASSISTANT ATTORNEY GENERAL CAITLIN WILCOX.

REMEDY: Plaintiff is asking for this remedy for the 12 years plaintiff has served in fraud and for the personal injuries and permance of life changing experience plaintiff has sustained while incarcerated.

The plaintiff would like to be compensated by every defendant with a $15 million dollar lien on each defendant and if the defendant can not pay the lien then the plaintiff would want to be issued a goverment or city insured credit card for requested amount against each defendants corporation who certifys and authorizes them.

In Furtherance the Plaintiff would like this Court to take away the sentence reduction from confidential informant KHAYRI R. McCRAY and put informants sentence back at 20 years. The State Attorneys committed a collective fraud and perjury under oath on the court.

The plaintiff would like for the State Attorneys involved in this case to be removed for trying to sway the courts with false testimony on there behalf and for trying to use false or preped informants to secure a conviction, in Fraud.

The Plaintiff is also asking to be awarded a new trial. A trial court has discretionary authority to order a new trial when the verdict is contrary to the manifest weight of the evidence. Brown v. Estate of Stuckey, 749 So. 2D 490, 498 (Fla. 1999)

In utilizing this discretionary power:

"A trial judge has the responsibility to draw "on his [or her] talents, his [or her] knowledge, and his [or her] experience to keep the search for the truth in a proper chanel,"
 and the trial judge should always grant a motion for a new trial when "the jury has been decieved as to the force and credibility of the evidence or has been influenced by considerations outside the record." Id at 497

(Quoting Cloud v. Fallis, 110 So. 2D 669, 673 (Fla. 1959)

Again Plaintiff is asking for this remedy for the 12 years Plaintiff has served in Fraud and for the personal injuries and permance of life changing experience plaintiff has sustained while incarcerated.

4-6-2023                            X Charles Wade  DC#T92253
DATE                                SIGNATURE              DC #